# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRIAN SHEVLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK ORLANDO and<br>ARC GLOBAL INVESTMENTS II, LLC,<br><br>    Defendants. | Case No.: 21-24324-CIV-GAYLES |

**DECLARATION OF BRIAN SHEVLAND
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
<u>JOINT MOTION TO COMPEL ARBITRATION AND STAY CASE</u>**

Pursuant to 28 U.S.C. § 1746, I, Brian Shevland, do hereby declare and state as follows:

1. I am the Plaintiff in the above-captioned action.

2. I am a party to the "SPAC Business Agreement" described in the Complaint and Plaintiff's Opposition to Defendants' Joint Motion to Compel Arbitration and Stay Case.

3. I am CEO of Bluestone Capital Management, LLC, which is a Registered Investment Advisory ("RIA") and is not FINRA registered (nor is it required to be).

4. It is also true that since April 8, 2014, I have been registered with MCG Securities LLC ("MCG"), a broker-dealer and member of FINRA. I am a co-founder of MCG but I am not employed by that firm.

5. The SPAC Business Agreement is an agreement that I reached with Patrick Orlando ("Orlando") in my personal capacity that gave me the opportunity to purchase shares of certain SPACs at the same economics as Orlando in exchange for my contributions to the enterprise. At

no point during my performance pursuant to the SPAC Business Agreement did I request or receive any "commission" or "compensation" for my efforts in furtherance of Digital World Acquisition Corporation ("DWAC").

6. The only two individuals who were parties to the SPAC Business Agreement were Orlando and me.

7. I was not acting in my capacity as an associated person of MCG when I entered into or performed under the SPAC Business Agreement, nor did I hold myself out as acting on behalf of MCG.

8. MCG was not a party to, and did not have any rights or obligations under, the SPAC Business Agreement.

9. Entoro Securities, LLC ("Entoro") was not a party to, and did not have any rights or obligations under, the SPAC Business Agreement.

10. Stillpoint Capital, LLC ("Stillpoint") was not a party to, and did not have any rights or obligations under, the SPAC Business Agreement.

11. ARC Global Investments II, LLC ("ARC") was not a party to, and did not have any rights or obligations under, the SPAC Business Agreement.

12. I never performed work on behalf of ARC or at ARC's request, nor did I request or receive any "commission" or "compensation" from ARC. The work that I performed on behalf of DWAC was pursuant to my obligations under the SPAC Business Agreement, not at ARC's request.

13. ARC never maintained an investment account with MCG or me.

14. ARC never purchased any goods or services from MCG or me.

15. I have never provided ARC with investment advice.

3

16. I do not now consider, nor have I ever considered, ARC to be one of my customers or clients.

17. The SPAC Business Agreement did not require me to act as a broker.

18. All of my communication regarding and in furtherance of the SPAC Business Agreement was conducted via personal channels that were not associated with MCG.

I declare under the pains and penalties of perjury that the foregoing is true and correct.

                                               /s/ Brian C. Shevland
                                               Brian C. Shevland

DATED: February 18, 2022