UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-CV-24324-DPG

BRIAN SHEVLAND,

     Plaintiff,

vs.

PATRICK ORLANDO and
ARC GLOBAL INVESTMENTS II, LLC,

     Defendants.

_____/

**ORDER**

     **THIS CAUSE** comes before the Court on Defendant ARC Global Investments II, LLC's ("ARC") Limited Objection to and Appeal from Magistrate Judge's Order on Defendants' Joint Motion to Compel Arbitration and Stay Case (the "Objection"). [ECF No. 46]. On June 15, 2022, this matter was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 26]. On January 28, 2022, Defendants filed their Joint Motion to Compel Arbitration and Stay Case. [ECF No. 18]. On September 19, 2022, Judge Torres entered an Order: (1) granting in part and denying in part Defendants' Joint Motion. [ECF No. 45]. The Court has considered the Objection, the record, and the applicable law, and is otherwise fully advised.

     A party may file an appeal detailing specific objections to a magistrate judge's non-dispositive pretrial order. Upon review, the district court is required to consider the objections and must set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R.

Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Root ex rel. A.R. v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation and internal quotation marks omitted). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *SEC v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012).

ARC argues that Judge Torres' Order "makes three substantial errors" because it: (1) incorrectly concludes that Plaintiff did not provide any services for ARC; (2) applies an erroneously narrow interpretation of the Financial Industry Regulatory Authority's ("FINRA") definition of a "customer"; and (3) fails to properly resolve any doubts in favor of arbitration. [ECF No. 46 at 2]. Having reviewed the Order for clear error of fact or law, the Court agrees with Judge Torres' analysis and conclusion that Defendants' Joint Motion should be granted in part and denied in part. [ECF No. 45]. Accordingly, Defendant ARC's Objection to and Appeal from Magistrate Judge Torres' Order on Defendants' Joint Motion to Compel Arbitration and Stay Case, [ECF No. 46], is **OVERRULED**; and Magistrate Judge Torres' Order, [ECF No. 45], is **AFFIRMED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2023.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE