UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-24324-DPG

BRIAN SHEVLAND,

    Plaintiff,

v.

PATRICK ORLANDO and
ARC GLOBAL INVESTMENTS II, LLC,

    Defendants.

_____/

**DEFENDANT ARC GLOBAL INVESTMENTS II, LLC'S REPLY TO PLAINTIFF
BRIAN SHEVLAND'S OPPOSITION TO DEFEDANT'S MOTION TO STAY
DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Pursuant to S.D. Fla. Local Rule 7.1(c)(1), Defendant ARC Global Investments II, LLC ("ARC") submits its Reply to Plaintiff Brian Shevland's ("Plaintiff" or "Shevland") Opposition to ARC's Motion to Stay Proceedings in the District Court pending its interlocutory appeal of this Court's August 31, 2023, Order overruling ARC's Limited Objection to and Appeal from Magistrate Judge Torres' Order on Defendants' Joint Motion to Compel Arbitration and Stay Case and affirming Magistrate Judge Torres' Order denying ARC Global Investments II, LLC's Motion to Compel Arbitration and Stay Case [ECF No. 57].[1]

---

[1] Notably, there is an outstanding question concerning diversity jurisdiction pending in the United States Court of Appeals for the Eleventh Circuit. On October 5, 2023, the Clerk of Court for the Eleventh Circuit requested that the parties respond to a "Jurisdictional Question" in the appellate case styled *Shevland v. ARC Global Investments II, LLC*, No. 23-13061-B (11th Cir. Sept. 15, 2023). The parties' responses are pending currently. [*See* ECF No. 69, 69-1.].

1

## **REPLY MEMORANDUM**

Plaintiff argues this Court should ignore the United States Supreme Court in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S.Ct. 1915, 216 L. Ed. 2d 671 (2023) and refuse to enter an automatic stay of these proceedings pending ARC's interlocutory appeal to the Eleventh Circuit. In support, Shevland claims that ARC in not entitled to an automatic stay under Section 16(a) of the Federal Arbitration Act ("FAA") because ARC "has not identified, and cannot identify, any arguable written agreement to arbitrate by and between Shevland and ARC." [EFC No. 20, at *1]. As explained below, this argument has no basis in fact or law.

As Shevland is aware, there is a written arbitration agreement. It is called the Financial Industry Regulatory Authority Code of Arbitration Procedure. Plaintiff ignores the first sentence of ARC's memorandum in support of its Motion to Stay, which states: "ARC's interlocutory appeal under 9 U.S.C. § 16(a) of the FAA concerns **a question of arbitrability under the FINRA Code of Arbitration Procedure ("Code"), which "the Eleventh Circuit has found . . . constitutes a written agreement to arbitrate**. *Deutsche Bank Securities, Inc. v. Simon*, No. 19-20053-CIV, 2019 WL 4685876 at *3 (S.D. Fla. Sept. 26, 2019) (Gayles, J.)." Indeed, the Eleventh Circuit has held that "**the Code is a written agreement binding IFG to arbitrate** and, specifically, that the instant dispute is between a member (IFG) and a customer (King) and arises in connection with that member's business . . . ." *Multi-Financial Securities Corp. v. King*, 386 F.3d 1364, 1365 (11th Cir. 2004). The Eleventh Circuit further explains that "[a]lthough there is no direct written agreement to arbitrate between IFG and King, **the Code serves as a sufficient written agreement to arbitrate**, binding its members to arbitrate a variety of claims with third-party claimants." *Id*. at 1367 (emphasis added); *see also*, *MONY Sec. Corp. v. Bornstein*, 390 F.3d 1340, 1342 (11th Cir. 2004) (stating "MONY dwells on the first question, arguing that the

Bornsteins are not eligible for arbitration because there was never an agreement to arbitrate. **This argument fails because the NASD Code itself constitutes the agreement**.") (emphasis added); *Pictet Overseas Inc. v. Helvetia Tr.*, 905 F.3d 1183, 1187 (11th Cir. 2018) (stating "[d]espite the absence of a direct, written agreement, an agreement to arbitrate still may be found based on Pictet Overseas's membership in FINRA.")

Shevland's claim there is no factual basis for a written agreement to arbitrate is belied by his own admissions. Specifically, he admits that he is an "associated person" who is subject to the Code. [See ECF No. 21-1, at *1 (affidavit stating: "It is true that since April 8, 2014, I have been registered with MCG Securities LLC . . ., a broker-dealer and **member of FINRA**.") (emphasis added); and 47, at *6 (providing Plaintiff does not dispute that he is a "**FINRA-associated person**." (emphasis added)]. Shevland voluntarily became registered with FINRA as an associated person and subjected himself to FINRA rules. As an associated person, Shevland knows that under FINRA Rule 12200, he "**must arbitrate a dispute under the Code if**: [i] Arbitration under the Code is either (1) Required by written agreement, or (2) **Requested by the customer**;" [ii] **the dispute is between a customer and** a member or **associated person of a member** . . . ." FINRA Rule 12200 (emphasis added). Indeed, this Court even granted the motion to compel FINRA arbitration as to ARC's co-defendant, Mr. Patrick Orlando.

ARC contends that under the factual circumstances at issue, ARC is Shevland's "customer" and thus is entitled to arbitrate under the Code. Shevland, on the other hand, disputes that ARC is his customer and contends that he is not subject to FINRA arbitration. While this Court affirmed Magistrate Judge Torres's Order finding that ARC does not qualify as a "customer" under FINRA rules and that Plaintiff is not subject to arbitration, ARC is entitled to appellate review of such a decision under § 16 of the FAA. ARC, accordingly, appeals both the Magistrate Judge's and this

Court's Orders **on arbitrability**. And the Supreme Court recently held in *Coinbase*, a district court "must stay its proceedings while the interlocutory appeal **on arbitrability** is ongoing." 143 S.Ct. 1919 (emphasis added). As a result, this Court must stay the district court proceedings pending the ongoing interlocutory appeal.

Without law or facts to oppose a stay, Shevland resorts to baseless arguments that: (i) "this case has been marked by considerable delay as a result of ARC's misguided attempt to enforce a non-existent agreement to arbitrate;" (ii) ARC's Answer is in default; and (iii) "a stay would have the further effect of denying Shevland the right to advance this case to judgment before such time that there is a material risk that the very interests at issue in this litigation could be sold, transferred, encumbered, or otherwise diminished or lost." [ECF No. 70 at **5-7].

First, Plaintiff's revisionist history ignores that ARC has never delayed these proceedings. It *timely*: moved to compel arbitration, sought an objection and appeal of the Magistrate Judge's Order, and sought an interlocutory appeal of the applicable Orders. [ECF Nos. 18, 46, and 61]. Of the twenty-two (22) months of which Shevland now complains, he seems to forget that before affirming Magistrate Judge Torres' Order, this Court considered it for about 12 months. [*See* ECF No. 45 and 57].

Second, Shevland's claim that ARC's Answer is in default has no legal basis. As so-called support, Plaintiff blanketly states "*See* Docket." A review of the docket reveals that ARC moved to compel arbitration, objected to the Magistrate's Order denying the motion as to ARC, and then sought an interlocutory appeal all concerning arbitrability. Plaintiff wants this Court to deny a stay (inconsistent with the Supreme Court precedent) and force ARC to file an Answer subjecting ARC to simultaneously litigating in both this Court and before the Eleventh Circuit. As the Supreme Court in Coinbase, however, explains:

> From the Judiciary's institutional perspective, moreover, allowing a case to proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event. That scenario represents the "worst possible outcome" for parties and the courts: litigating a dispute in the district court only for the court of appeals to "reverse and order the dispute arbitrated." *Id.*, at 506. The Griggs rule avoids that detrimental result.

143 S.Ct. 1919.  The Court should, as *Coinbase* instructs, automatically stay these proceedings pending the interlocutory appeal.

Finally, Shevland's "Hail Mary" argument that a stay will deny him "the right to advance his case to judgment" before there is some risk that the alleged interests at issue will be transferred, diminished, or lost has no merit.  Plaintiff fails to cite to any legal or factual basis supporting either his supposed "right" or his theory that the alleged interests may somehow dissipate.  He similarly provides no explanation as to how a stay would impact him differently than any other civil litigant.  In sum, the Court should reject Plaintiff's unsupported arguments and stay this case pending the ongoing appeal.

## **CONCLUSION**

ARC respectfully requests that this Court grant its Motion to Stay District Court Proceedings Pending Appeal by entering the proposed order submitted to the Court.  As set forth in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S. Ct. 1915, 1916, 216 L. Ed. 2d 671 (2023), these proceedings must be stayed pending resolution of ARC's interlocutory appeal to the Eleventh Circuit of this Court's denial of ARC's Motion to Compel Arbitration and to stay the case.

Dated: October 20, 2023                               Respectfully submitted,

                                                           s/Jeffrey L. Cox
                                                           Jeffrey L. Cox
                                                           Fla. Bar No. 0173479
                                                           James D. Sallah, Esq.
                                                           Fla. Bar No. 0092584

                                              Joshua A. Katz, Esq.
                                              Fla. Bar No. 0848301

                                              **SALLAH ASTARITA & COX, LLC**
                                              3010 N. Military Trail, Suite 210
                                              Boca Raton, Florida 33431
                                              Tel: (561) 989-9080
                                              Fax: (561) 989-9020
                                              Email: jlc@sallahlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the foregoing Notice of Appeal was served on all counsel or parties of record by the means set forth in the Service List below.

                                            <u>s/ Jeffrey L. Cox</u>

<u>**SERVICE LIST**</u>

Martin B. Goldberg, Esq. (Service via CM/ECF)
Jonathan Elan Feuer, Esq. (Service via CM/ECF)
Lash & Goldberg LLP
*Counsel for Plaintiff*
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040
Fax: (305) 347-4050
Email: mgoldberg@lashgoldberg.com
        jfeuer@lashgoldberg.com

William C. Nystrom, Esq. (Service via CM/ECF)
Raquel Frisardi, Esq. (Service via CM/ECF)
Christine Kingston, Esq. (Service via Email only)
Nystrom Beckman & Paris, LLP
*Counsel for Plaintiff*
One Marina Park Drive
15th Floor
Boston, MA 02210
617-778-9100
Email: wnystrom@nbparis.com
        rfrisardi@nbparis.com
        ckingston@nbparis.com

Patrick Orlando (Service via U.S. Mail)
*Pro Se*
2000 S. Bayshore Drive Apt. 20
Miami, FL 33133