# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 09, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810



FILED BY ___AP___ D.C.
Feb 9, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-13061-DD
Case Style: Brian Shevland v. ARC Global Investments II, LLC
District Court Docket No: 1:21-cv-24324-DPG

LIMITED REMAND

Enclosed is a copy of an order remanding this appeal on a limited basis for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

This appeal will be held in abeyance in this court pending disposition of limited remand proceedings in your court.

Upon completion of limited remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court and certify any supplemental record of proceedings.

Clerk's Office Phone Numbers
General Information:    404-335-6100      Attorney Admissions:           404-335-6122
Case Administration:    404-335-6135      Capital Cases:                 404-335-6200
CM/ECF Help Desk:       404-335-6125      Cases Set for Oral Argument:   404-335-6141

CLK-3 DC Letter with Ltd Remand order

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13061

_____

BRIAN SHEVLAND,

                                        Plaintiff-Appellee,

*versus*

PATRICK ORLANDO,

                                        Defendant,

ARC GLOBAL INVESTMENTS II, LLC,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

| 2 | Order of the Court | 23-13061 |
|---|---|---|

D.C. Docket No. 1:21-cv-24324-DPG

_____

Before ROSENBAUM and LUCK, Circuit Judges.

BY THE COURT:

ARC Global Investments II, LLC ("ARC") appeals from a magistrate judge's September 19, 2022, order denying its motion to compel arbitration and stay the case, and the district court's August 31, 2023, order affirming the magistrate judge's order. However, the allegations in Brian Shevland's complaint were insufficient to establish the citizenship of the defendants, ARC and Patrick Orlando. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268-69 (11th Cir. 2013); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

Shevland moves to amend his complaint, but ARC now asserts that diversity of citizenship did not exist at the time the complaint was filed. Therefore, a factual determination must be made and amending the complaint does not resolve the jurisdictional issue. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 775 (11th Cir. 2020).

Although ARC moves to supplement the record on appeal with a sworn declaration addressing ARC's citizenship, we also construe ARC's response to the jurisdictional question as a motion to remand to resolve the jurisdictional issue. The declaration does

Case 1:21-cv-24324-DPG   Document 75   Entered on FLSD Docket 02/12/2024   Page 4 of 5
USCA11 Case: 23-13061    Document: 47-2    Date Filed: 02/09/2024    Page: 3 of 4

23-13061               Order of the Court                3

not resolve ARC's citizenship because it does not provide the names and citizenship of the invidual members of ARC. *See Mallory*, 663 F.3d at 1305; *Travaglio*, 735 F.3d at 1268; *McGovern*, 511 F.2d at 654. Further, Shevland opposes the motion to supplement the record and challenges the facts alleged in the declaration. Thus, the deficiency in the pleadings has not been cured and supplementing the record on appeal with the appellant's disputed evidence is not warranted. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989); *see also Nat'l Ass'n of the Deaf*, 980 F.3d at 775.

Further, we construe Shevland's response to the jurisdictional question as a motion to compel ARC to file documents proving its assertions as to the citizenship of its members. However, the requisite factual determinations are better suited for the district court to determine upon remand. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022-23 (11th Cir. 2004).

Accordingly, ARC's motion to supplement the record and Shevland's motions to amend the complaint and to compel ARC to file additional documents are DENIED WITHOUT PREJUDICE to the parties seeking such relief on remand. Shevland's motion to strike the declaration is DENIED AS MOOT. This appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction existed. *See Rolling Greens*, 374 F.3d at 1022-23.

| 4 | Order of the Court | 23-13061 |
|---|---|---|

    If the district court determines that the parties were completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction.