UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-cv-24324-DPG

BRIAN SHEVLAND,

    Plaintiff,

v.

PATRICK ORLANDO and
ARC GLOBAL INVESTMENTS II, LLC,

    Defendants.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDERS REGARDING FILING OF <u>CORPORATE DISCLOSURE STATEMENT</u>**

Defendant ARC Global Investments II, LLC ("ARC") submits this Response in Opposition to Plaintiff's Motion to Enforce Court Orders Regarding Filing of Corporate Disclosure Statement. [ECF No. 85].

On April 18, 2024, Plaintiff Brian Shevland ("Shevland") filed a motion requesting that the Court enforce two court orders. Specifically, Shevland claims that ARC is in violation of the Court's Orders dated March 22, 2024 [ECF No. 76] and April 15, 2024 [ECF No. 83]. Given the Court's directives and comments during the evidentiary hearing on April 30, 2024, it appears that Shevland's Motion is moot.[1]  Regardless, ARC opposes the requested relief and denies that it violated any court orders.

---

[1] Notably, during the April 30th evidentiary hearing, the undersigned counsel disclosed to the Court that ARC intends to soon file another amended Corporate Disclosure Statement.

CASE NO.:  21-24324-CIV-GAYLES

First, Shevland claims that ARC did not follow the Court's Order stating: "on or before March 29, 2024, ARC shall file an amended corporate disclosure that clearly identifies its members and their respective citizenship."  In accordance with the Court's Order, ARC first sought an extension of time until April 4, 2024 to file its Corporate Disclosure Statement, which the Court granted. [ENF No. 77, 78].  ARC neither violated nor ignored the Court's Order.

Instead, ARC sought relief from the Court to file the names on the Corporate Disclosure Statement under seal.  The parties fully briefed the issue.  Shevland did not seek to enforce the Court's Order at that time.  Instead, Shevland opposed ARC's Motion. [ECF No. 81].  After ARC replied, on April 15, 2024, the Court denied ARC's Motion and gave it until April 17, 2024 to file "an unredacted version of its amended corporate disclosure on the public docket before on or before April 17, 2024." [ECF No. 83] ("April 15th Order").

Second, Shevland claims ARC failed to adhere to the Court's April 15th Order.  Shevland's argument, however, is baseless.  On April 17, 2024, ARC fully adhered to the Court's Order by filing a Second Amended Certificate of Interested Parties and Corporate Disclosure Statement. [ECF No. 84].  Shevland claims that ARC should have filed an unredacted version of its Corporate Disclosure Statement filed on April 3, 2024.  [ECF No. 80].

This argument makes no sense because Federal Rule of Civil Procedure 7.1(b)(2) states that a "party **must** . . . promptly file a supplemental statement if **any** required information changes." (emphasis added).  Following *both* the Court's Order to file "an unredacted amended corporate disclosure statement" and Rule 7.1(b)(2) requiring that a party promptly supplement its disclosure if any information changes, on April 17, 2024, ARC timely filed its Second Amended

CASE NO.: 21-24324-CIV-GAYLES

Corporate Disclosure Statement, which was filed unredacted and supplemented with changed information.[2]

In conclusion, there is no question that ARC adhered to the Court Orders at issue. For the reasons above, ARC objects to Shevland's Motion and requests that the Court deny it.

Dated: May 2, 2024

Respectfully submitted,

/s/Jeffrey L. Cox
Jeffrey L. Cox
Fla. Bar No. 0173479
James D. Sallah, Esq.
Fla. Bar No. 0092584
Joshua A. Katz, Esq.
Fla. Bar No. 0848301

**SALLAH ASTARITA & COX, LLC**
3010 N. Military Trail, Suite 210
Boca Raton, Florida 33431
Tel: (561) 989-9080; Fax: (561) 989-9020
Emails: jlc@sallahlaw.com
          jds@sallahlaw.com
          jak@sallahlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, a true and correct copy of the foregoing was served on all counsel or parties of record by the means set forth in the Service List below.

/s/ Jeffrey L. Cox

---

[2] On April 23, 2024, ARC again amended its corporate statement and in accordance with Rule 7.1(b)(2) filed its Third Amended Corporate Disclosure Statement. [ECF No. 88, 89, 90, 91, and 92]. At the direction of the Clerk's office, ARC filed multiple copies of the same disclosure statement because the CM/ECF system would only permit ARC to enter a certain number of names into the system at one time when filing it. In its Third Amended Corporate Statement, ARC informed the Court that information changed in its first and second corporate statements because potential interested persons were erroneously included in them. [*Id*.].

CASE NO.:  21-24324-CIV-GAYLES

**SERVICE LIST**

Martin B. Goldberg, Esq. (Service via CM/ECF)
Jonathan Elan Feuer, Esq. (Service via CM/ECF)
Lash & Goldberg LLP
*Counsel for Plaintiff*
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
(305) 347-4040
Fax: (305) 347-4050
Email: mgoldberg@lashgoldberg.com
          jfeuer@lashgoldberg.com

William C. Nystrom, Esq. (Service via CM/ECF)
Christine Kingston, Esq. (Service via CM/ECF)
Nystrom Beckman & Paris, LLP
*Counsel for Plaintiff*
One Marina Park Drive
15th Floor
Boston, MA 02210
617-778-9100
Email: wnystrom@nbparis.com
          rfrisardi@nbparis.com
          ckingston@nbparis.com